UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GABRIEL J. BOGAN,

        Petitioner,

v.

BRIAN FOSTER,

        Respondent.

Case No. 16-cv-563-pp

---

**ORDER DENYING REQUEST TO HOLD CASE IN ABEYANCE, DKT. NO. 1, SCREENING PETITION, AND SETTING BRIEFING SCHEDULE**

---

On May 9, 2016, the petitioner filed a petition for *habeas* relief pursuant to 28 U.S.C. §2254. Dkt. No. 1. In the body of the petition, the petitioner stated, "Bogan seeks to hold this petition in abeyance so that he may finalize his State §974.06 motion and file it to exhaust his Federal remedies." Id. at 7, 8, 9. The petition did not explain why the petitioner had not exhausted his remedies.

On June 28, 2016, Magistrate Judge William E. Duffin, to whom the case was assigned at that time, issued an order requiring the petitioner to file a brief, explaining cause for his request for a stay of the *habeas* proceedings. Dkt. No. 7. Judge Duffin ordered the petitioner to file that brief by July 29, 2016. Id. The court has received nothing from the petitioner since that date.

On August 18, 2016, the respondent asked the court to deny the petitioner's request to stay the proceedings. Dkt. No. 9. The respondent noted that the petitioner had not complied with Judge Duffin's order to file a brief,

1

and also indicated that according to the Wisconsin Circuit Court Access Program ("CCAP"), the petitioner had not filed a §974.06 motion in state court. Id.

It is now five months since the petitioner filed his petition. The court has not heard from him since that time. He did not file the brief ordered by Judge Duffin, nor did he respond to the respondent's request that the court deny the motion to hold the proceedings in abeyance. The court has checked the Wisconsin Inmate Locator web site; it appears that the petitioner remains in custody at Waupun Correctional Institution. Because the petitioner has not explained caused for his request to hold the case in abeyance, the court will deny that request.

Judge Duffin granted the petitioner's request to proceed without pre-paying the filing fee. Dkt. No. 7. The court will screen the case pursuant to Rule 4 of the Rules Governing §2254 Proceedings. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

2

The petition indicates that in the summer of 2012, the petitioner was convicted in the Milwaukee County Circuit Court on one count of first-degree reckless homicide and one count of first-degree recklessly endangering safety, both by use of a dangerous weapon. Dkt. No. 1 at 2. The petitioner indicates that he was sentenced to serve "30 years (22 in, 8 out)." Id. He states that he appealed this conviction, on the ground that "[t]rial counsel was prejudicially ineffective for failing to 1) argue for defense of others, and 2) request a defense of others instruction since the evidence was sufficient to warrant said defense and instruction." Id. at 3. The petitioner indicates that his conviction was affirmed by the court of appeals, that he sought review in the Wisconsin Supreme Court, and that that was denied. Id.

The petitioner lists four grounds for relief in the petition, but all of them relate to his claim that his trial counsel provided ineffective assistance of counsel. In Ground One, he argues that counsel was ineffective for failing to research self-defense and defense-of-others defenses. Id. at 6. In Ground Two, he argues that his lawyer was ineffective because, since she didn't research these issues, she didn't tell him how these defenses could've impacted him and his case. Id. at 7. In Ground Three, he states that his lawyer was ineffective in failing to investigate facts surrounding these defenses, and discuss the defenses with him. Id. at 8. In Ground Four, he argues that his post-conviction counsel was ineffective for not raising these claims, and for not raising his trial counsel's ineffectiveness in not raising the claims. Id. at 9.

The petitioner's claims that his trial lawyer and his post-conviction lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment are the kinds of claims that are recognizable on federal *habeas* review. At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court finds only that the petitioner has stated claims of a type that are generally cognizable on *habeas* review.

Next, in order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner has exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when he has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18 (1972).

4

It is not clear to the court from the face of the petition whether the petitioner has, in fact, exhausted these claims. The petitioner states that he appealed his conviction on the basis of ineffective assistance of counsel, and makes reference to the defense-of-others defense. It is not clear to the court whether he also raised the question of whether his trial counsel was ineffective for failing to explore and raise a self-defense claim. The petitioner *did* appeal his conviction all the way up to the Wisconsin Supreme Court; the respondent attached a court of appeals docket to his brief, confirming as much. Dkt. No. 9-2. And the petitioner appears to think that he hasn't exhausted the claims, given his request to stay these proceedings. But the court can't tell, based on the record before it, whether he exhausted in those appeals the same claims he raises here.

At this stage, the respondent has not had the opportunity to weigh in on the *merits* of the exhaustion question. Because it is not clear at this early stage whether the petitioner has or has not exhausted the claims he raises here, the court will allow the petitioner to proceed, and he can explain in his brief in support of the petition whether he has exhausted his claims.

Finally, the court considers whether the petitioner procedurally defaulted any of his claims. Even if a petitioner has exhausted review of a constitutional claim in the state courts, it is possible that a federal *habeas* court can be foreclosed from reviewing the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment

"'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." *Trevino v. Thaler,* --- U.S. ---, 133 S. Ct. 1911, 1917 (2013). At this point in the case, the court can discern no procedural default from the face of the petition or the petitioner's supporting memorandum. Therefore the court will allow the claims in the petitioner's *habeas* case to proceed.

## III. CONCLUSION

The court **DENIES** the petitioner's request, stated in his petition, that the court hold these proceedings in abeyance to allow him to exhaust claims in state court.

The court **ORDERS** that the petitioner may proceed on the Sixth Amendment claims in his *habeas* petition.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

6

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Robert Humphreys, Warden of the Kettle Moraine Correctional Institution will receive copies of the petition and this order electronically.

The court **ORDERS** that if the petitioner does not file a brief within 45 days of the date the respondent answers or otherwise responds to the complaint, as required above, ***the court will dismiss his petition for failure to prosecute***.

Dated in Milwaukee, Wisconsin this 8th day of October, 2016.

7

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge